# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FLOY L. O'NEAL | CIVIL ACTION |
| VERSUS | No. 17-12162 |
| METRO PCS | SECTION I |

## ORDER & REASONS

*Pro se* plaintiff Floy O'Neal ("O'Neal") alleges that an employee of defendant Metro PCS broke her cell phone when she brought it into a Metro PCS store to purchase telephone service. Seeking damages, O'Neal filed a separate lawsuit against Metro PCS, which was assigned to this Court. *See O'Neal v. Metro PCS*, No. 17-7901 (E.D. La. Aug. 15, 2017). In that case, the United States Magistrate Judge granted O'Neal leave to proceed *in forma pauperis* but directed the Clerk of Court to withhold issuance of summons in order to allow for review of O'Neal's complaint to ensure that it met the requirements of the *in forma pauperis* statute. The United States Magistrate Judge found that O'Neal's complaint did not satisfy the statute, as it lacked merit on its face. As she observed,

> [o]n the face of the complaint, there is no federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff, a Louisiana resident, asserts tort claims against the defendant, who is alleged to be an entity headquartered in Texas. The only possible basis for jurisdiction is 28 U.S.C. § 1332. In order for the Court to exercise diversity jurisdiction under 28 U.S.C. § 1332, the citizenship of the plaintiff must be different from the citizenship of the defendant and the amount in controversy must be in excess of $75,000. 28 U.S.C. § 1332. The amount in controversy is determined by consideration of the complaint itself.

> M[s]. O'Neal does not specify a dollar figure associated with [her] purported damages. However, the only injury [s]he alleges is the damage to [her] cellular phone. By no stretch of the imagination could such damages exceed $75,000. Thus, [her] Complaint fails to meet the amount in controversy requirement of 28 U.S.C. § 1332, and [s]he cannot establish diversity jurisdiction even if the parties are completely diverse. The Court lacks subject matter jurisdiction over O'Neal's claims.

Based on this analysis, the United States Magistrate Judge issued a report and recommendation, which this Court approved and adopted as its opinion.[1] Consequently, O'Neal's claims were dismissed without prejudice to her right to file her complaint in state court.

Less than two months later, O'Neal filed the instant lawsuit.[2] Her present complaint, however, offers no new allegations. In fact, it is virtually identical to her previous complaint. The Court, therefore, refuses to stray from its prior conclusion. Federal question jurisdiction is not implicated in this case, and even assuming that O'Neal and Metro PCS are completely diverse parties, the amount in controversy does not exceed $75,000.[3] Thus, the Court lacks subject matter jurisdiction to proceed, and O'Neal's claims must be dismissed.

Accordingly,

**IT IS ORDERED** that O'Neal's claims against Metro PCS are **DISMISSED WITHOUT PREJUDICE**.

---

[1] O'Neal did not file any objection to the report and recommendation.
[2] O'Neal's lawsuit was initially assigned to another section of the Court. However, in light of its relation to O'Neal's previous case, it was transferred to this Section.
[3] Indeed, O'Neal filed a deficient "Motion for Judgment" in which she states that her damages award could be "as much as ten thousand dollars." R. Doc. No. 6, at 2.

New Orleans, Louisiana, March 15, 2018.

                                                **LANCE M. AFRICK**
                                    **UNITED STATES DISTRICT JUDGE**